UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CLAUD CAVINESS,

            Plaintiff,            CIV. S-04-2388 EJG PAN PS

    v.

                                        ORDER

GORDON R. ENGLAND, SECRETARY OF
THE NAVY, U.S. DEPARTMENT OF THE
NAVY,

            Defendant.

—oOo—

    On April 4, 2005, this court directed plaintiff to show cause why this action should not be dismissed for failure to serve process upon defendant. Fed. R. Civ. P. 4(m) (the court shall dismiss an action if service of the summons and complaint is not made upon defendant within 120 days after the filing of the complaint). The complaint in this action was filed November 8, 2004, and accordingly the deadline for serving process was March 8, 2005.

1  Plaintiff timely responded that he had been under the
2 misapprehension the Clerk of Court would serve process.
3 Plaintiff stated that he served the complaint upon defendant
4 April 12 and submitted a proof of service.

5  Plaintiff's attempt to serve process does not conform to
6 the requirements of Fed. R. Civ. P. 4, both generally (see Rule
7 4(a)-(c)) and in the special circumstances wherein the defendant
8 is an officer or employee of the United States (see Rule 4(i)).

9  Accordingly, plaintiff is hereby accorded an additional
10 11 days within which properly to serve the summons and complaint
11 upon defendant U.S. Secretary of the Navy, to file proof of such
12 service, or to show cause to the court in writing why this action
13 should not be dismissed.

14  Next, plaintiff requests this court appoint counsel due
15 to plaintiff's financial limitations, his physical disability
16 (pacemaker defibrillator), and honorable service to this country
17 (plaintiff is a 68-year old Air Force veteran with 22 years
18 military service and 18 years civilian service).

19  Plaintiff's complaint challenges a decision of the U.S.
20 Equal Employment Opportunity Commission that defendant did not
21 discriminate or retaliate against plaintiff.  Requests for
22 appointment of counsel in Title VII cases are governed by 42
23 U.S.C. § 2000e-5(f)(1), which provides in pertinent part:

24 > Upon application by the complainant and in such circumstances
> as the court may deem just, the court may appoint an attorney
25 > for such complainant and may authorize the commencement of the
> action without the payment of fees, costs, or security.
26

In assessing whether to appoint counsel pursuant to this statute, the court must consider the following:  (1) plaintiff's financial resources; (2) plaintiff's efforts to secure counsel; and (3) whether plaintiff's claim has merit.  <u>Bradshaw v. Zoological Society of San Diego</u>, 662 F.2d 1301, 1318 (9th Cir. 1981) (<u>Bradshaw II</u>).

Plaintiff has failed to demonstrate financial need.  He paid the filing fee in this action (rather than file an application to proceed in forma pauperis) and states only that he "is financially unable to afford an attorney."  Response to Order to Show Cause, at p. 2.  While only a minimal level of indigency need be shown under <u>Bradshaw</u>, 662 F.2d at 1319 (lesser showing of indigency required for appointment of counsel than that required to proceed in forma pauperis), plaintiff has made no showing.

Plaintiff has also failed to demonstrate, or even mention, his efforts to secure counsel.

Since plaintiff has satisfied neither the first nor second prong of the <u>Bradshaw II</u> analysis, the court need not assess the third, whether plaintiff's claims appear to have merit.

Accordingly, plaintiff's motion for the appointment of counsel is denied.

So ordered.

Dated:  April 26, 2005.

                                        /s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge