UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CLAUD CAVINESS,

             Plaintiff,         CIV. S-04-2388 EJG PAN PS

        v.

                                 ORDER

GORDON R. ENGLAND, SECRETARY OF
THE NAVY, U.S. DEPARTMENT OF THE
NAVY,

             Defendant.

—o○o—

     On April 13, 2005, in response to this court's April 4
order to show cause why defendants had not been served with
process, plaintiff informed the court he had served a copy of the
complaint upon defendant Secretary of the Navy.   On April 26,
2005, this court allowed plaintiff 11 additional days to file
proof of service of the summons and complaint upon defendant
pursuant to the requirements of Fed. R. Civ. P. 4(I), or to show
cause why this action should not be dismissed.

1   Fed. R. Civ. P. 4(I) provides:  "(1) Service of process
2   upon the United States shall be effected (A) by delivering a copy
3   of the summons and of the complaint to the United States attorney
4   for the district in which the action is brought . . . or by
5   sending a copy of the summons and of the complaint by registered
6   or certified mail addressed to the civil process clerk at the
7   office of the United States attorney and (B) by also sending a
8   copy of the summons and of the complaint by registered or
9   certified mail to the Attorney General of the United States at
10  Washington, District of Columbia, and . . . (2)(A) Service on an
11  agency or corporation of the United States, or an officer or
12  employee of the United States sued only in an official capacity,
13  is effected by serving the United States in the manner prescribed
14  by Rule 4(I)(1) and by also sending a copy of the summons and
15  complaint by registered or certified mail to the officer,
16  employee, agency, or corporation."

17  Plaintiff has submitted proof only that by certified mail
18  he sent process to "Gordon R. England, Secretary of the Navy," at
19  the U.S. Department of the Navy, 1000 Navy Pentagon, Washington,
20  D.C. 20350-1000.

21  The Ninth Circuit has encouraged district courts to be
22  "generally more solicitous of the rights of pro se litigants,
23  particularly when technical jurisdictional requirements are
24  involved." Borzeka v. Heckler, 739 F.2d 444, 448, n.2 (9th Cir.
25  1985). Lenience notwithstanding, substantial compliance with
26  Rule 4 is required, even for pro se plaintiffs. See Bramesco v.

<u>Drug Computer Consultants</u>, 148 F.R.D. 690 (S.D.N.Y. 1993).
Moreover, that defendants have actual notice of an action, absent
special circumstances, is insufficient to confer personal
jurisdiction in the absence of valid service of process.  <u>See</u>
Fed. R. Civ. P. 4; <u>Mid-Continent Wood Prod., Inc. v. Harris</u>, 936
F.2d 297 (7th Cir. 1991); <u>Jackson v. Hayakawa</u>, 682 F.2d 1344 (9th
Cir. 1982).

   To comply with Rule 4(i) plaintiff is directed to send by
certified or registered mail a copy of the summons and complaint
to each of the following:

McGregor W. Scott
United States Attorney
Eastern District of California
c/o Civil Process Clerk
501 I Street, Suite 10-100
Sacramento, CA 95814-2322

Alberto Gonzales
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C.  20530-0001

   Plaintiff is directed to file proof of such service
within 11 days.  Failure to comply will result in a
recommendation this case be dismissed pursuant to Fed. R. Civ. P.
4(m) and Fed. R. Civ. P. 41(b).

   So ordered.

   Dated:  June 6, 2005.

       /s/ Peter A. Nowinski
       PETER A. NOWINSKI
       Magistrate Judge